ALBERT C. SIMMONS, Petitioner, v . COMMISSIONER OF INTERNAL REVENUE, Respondent.
Simmons v. Comm'r
Docket No. 632-11W
United States Tax Court
2011 U.S. Tax Ct. LEXIS 63; September 15, 2011, Entered
*63 Lewis R. Carluzzo, Special Trial Judge.
Lewis R. Carluzzo
ORDER AND DECISION
This section 7623(b) (4)[1] case is before the Court on respondent's Motion for Summary Judgment, filed August 16, 2011 Petitioner's objection to respondent's motion was filed September 6, 2011. The facts relied upon by respondent in support of the motion are easily summarized and not in dispute. See Rule 121.
Respondent made a determination that petitioner is not eligible for a section 7623 award with respect to any of the 47 claims for awards he made between December 2007 and May 2009 (award claims). Petitioner was notified of this determination in respondent's letter dated December 14, 2010 (determination notice). According to the determination notice, "a [section 7623] award may be paid only if the information provided results in the collection of additional tax, penalties, interest or other proceeds". More importantly, in the determination notice petitioner was further advised that "the information * * * [he] provided did not result in the collection of any proceeds", *64 a fact not disputed by petitioner.
According to petitioner, if respondent had given proper consideration to the information he supplied, then examinations would have been conducted, additional taxes would have been collected, and he would have been entitled to a section 7623 award as a result. Petitioner initiated this case in response to the determination notice because, according to petitioner, respondent failed properly to act upon the information he supplied in the award claims. In essence, petitioner asks the Court to review respondent's "failure".
In Cooper v. Commissioner, 136 T.C. 597, 600 (2011), we noted that "although Congress authorized the Court to review the Secretary's award determination, Congress did not authorize the Court to direct the Secretary to proceed with an administrative or judicial action". Petitioner asks the Court to proceed in a manner that exceeds the limits of our authority as qualified in Cooper. By Order dated August 29, 2011, petitioner was directed to explain why Cooper should not control the outcome of this case. In his objection petitioner suggests that Cooper was decided incorrectly; otherwise he notes that he is unable to explain *65 why Cooper does not control because he is not completely familiar with the situation in that case. We are, and it does.
None of the information provided in connection with the award claims resulted in the collection of additional tax, penalties, interest or other proceeds. That being so, and for the reasons set forth in Cooper, respondent is entitled to judgment as a matter of law that petitioner is not eligible for a section 7623 award.
Premises considered, it is
ORDERED that respondent's Motion for Summary Judgment, filed August 16, 2011, is granted. Because this case will not proceed to trial, it is further
ORDERED that so much of petitioner's Motion to Seal Names in Court Record, filed July 20, 2011, held in abeyance by Order dated August 29, 2011, is denied as moot. It is further
ORDERED and DECIDED that respondent's determination that petitioner is not eligible for a section 7623 award as shown in the determination notice is sustained.
(Signed) Lewis R. Carluzzo
Special Trial Judge
ENTERED: SEP 15 2011
Footnotes
1. Section references are to the Internal Revenue Code of 1986, as amended. Rule references are to the Tax Court Rules of Practice and Procedure.↩